SMITH and BAILY *against* JAMES MASON.

Delivery of a bill of parcels is not sufficient to take a sale out of the statute of frauds.

To make a delivery of goods available under the statute, the vendee must actually acquiesce in the delivery, and accept them. An acceptance by a mere shop boy, out of the scope of his duty, is not obligatory on the vendee.

TROVER, for six chests of tea.

Plea, the general issue.

The plaintiff had negotiated a conditional sale of six chests of tea with one McNeil for cash, the contract to be binding, provided another person, who was the owner of the property, (the plaintiff being a factor only,) agreed to it. The owner having acquiesced in the bargain, the plaintiff sent a bill of parcels to the store of McNeil, and desired him to send for the tea. The defendant, being present at the time, desired a shop boy of McNeil's to send a cartman for the tea, the boy did so, and the tea was delivered by the plaintiffs to the cartman, and conveyed to McNeil's store, where two of the chests only, were taken off the cart and weighed, at the instance and in the presence of defendant, McNeil not being present. These two chests were again put on the cart, Mason observing, that it was unnecessary to remove them into McNeil's store, as he had purchased them from McNeil. The boy then went off in search of McNeil, and not being able to find him, he returned to the store. In the mean time, Mason had gone off with the tea. It appeared also, that McNeil was at this time insolvent, and that the plaintiffs never received pay-

ment for the tea. That the shop boy, above mentioned, was not a regular clerk of McNeil, but merely employed to look after the store during McNeil's absence.

*Wells*, for defendant, contended that the sale to McNeil was complete, and that the title of the plaintiffs to the tea was divested by the delivery to McNeil.

*D. B. Ogden*, contra.

THOMPSON, C. J. The acts of the mere shop boy, out of the scope of his duty, as was the case here, are not obligatory on his master. The delivery of a bill of parcels, may, in some cases, be equivalent to a delivery of the goods, as for example, where the bill of parcels is delivered, and payment made. The vendee may then assert his title to the goods, upon a refusal to deliver. The sale, in this case, to McNeil, was not perfected. To make the delivery, under the circumstances of this case, a valid delivery, acquiescence on the part of McNeil was necessary. Nothing of that kind occurred here, he might have refused to receive, and, in consequence of such refusal, the title to the tea would have remained in the plaintiffs, and they, possibly, might have been entitled to damages against McNeil for a breach of contract. This also was a sale for cash to McNeil, and no cash having been paid, the plaintiffs had a right to stop the goods at the time Mason took possession.(1)

(1) To make a valid and binding sale of goods, wares or merchandize, where the price amounts to ten pounds or upwards, the statute of frauds (1 R. L. 75,) requires, that there should either be a memorandum in writing of the bargain, signed by the parties to be charged, or by their authorized agents, or that something should be paid as earnest, to bind the bargain, or

Verdict for plaintiff, for value of the six chests of tea, at the market price at the time defendant took possession, with interest, by way of damages.

in part payment, or that the buyer should accept part of the goods so sold, and actually receive the same. The contract of sale, therefore, in this case, between the plaintiff and McNeil, was manifestly imperfect under the statute; there was no memorandum, no earnest, no part payment, no acceptance, and consequently no sufficient delivery. The subject of delivery, under this statute, has been already considered in a note to the case of *Johnson* v. *Smith, ante,* &c.

But again, even if the sale, as between the plaintiff and McNeil, had been perfect, the plaintiff's right to recover against Mason, would have been clear, on the ground stated by the chief justice, at the conclusion of the decision. The sale to McNeil was a sale for cash, and consequently conditional, so that, upon non-payment at the time of delivery, the plaintiff could repossess himself of the property sold. Upon a contract to sell goods, where no credit is stipulated for, the vendor has a lien; so that if the goods be actually delivered to the vendee, and, upon demand then made, he refuses to pay, the property is not changed, and the vendor may lawfully take the goods as his own, because the delivery was conditional. Platt, J., *Palmer* v. *Hand,* 13 Johns. 434; *vide etiam, McDonald* v. *Hewitt,* 15 Johns. 351. Against a person who has become a *bona fide* purchaser, between the delivery and the demand of payment by the vendor, perhaps the vendor's lien could not exist, but might be as to such a purchaser, divested by the *laches,* in not enforcing the rights at the moment of delivery. But, in this case, Mason was not a *bona fide* purchaser from McNeil; he obtained possession by misrepresentation; his possession, therefore, was, as to the vendor, the possession of McNeil.

In the case of *Palmer* v. *Hand,* cited above, the vendor's right was enforced against a person who had *bona fide* advanced money on the goods to the vendee, while they were in the course of delivery, and who had received them as a pledge for such advances, before the vendor had asserted his right, the vendor, however, having asserted his right, as soon as the whole parcel was delivered. An acquiescence by the vendor, in a delay of payment, amounting to evidence of credit given, would divest the lien.

The case of *Palmer* v. *Hand* has been deemed, by some, not sufficiently guarded by the judge who delivered the opinion of the court, and that it has consequently been pressed beyond the proper bounds of its authority. It was clearly a case where the vendor, upon discovery of a fraud, reclaimed *while the delivery was in progress* and *not yet complete,* and it has undoubt-

Bailey v. Mason.

edly been cited as full authority for the *dictum* in the opinion, "that where no credit is stipulated for, the vendor has a lien, so that if the goods *be actually delivered* to the vendee, and, upon demand then made, he refuses to pay, the property is not changed, and the vendor may lawfully take the goods as his own, because the delivery was conditional."

Some criticism was introduced in this view, in a learned note to the case of *Chapman* v. *Jackson*, (6 Cow. 115,) and the same criticism was extended to the case of *Haggerty* v. *Palmer*, (6 J. C. R. 437,) in which case Chancellor Kent held, that where goods were sold, to be paid for in approved indorsed notes, at four and six months, a delivery of the goods to the vendee was conditional, under a usage of the city to deliver the goods in such cases to the vendee, and to send for the notes afterwards. This criticism is fortified by the case of *Furnis* v. *Hone*, in the court of errors, (8 Wend. 247,) where a similar delivery was held to be absolute; reversing the decree of Chancellor Walworth, who agreed with Chancellor Kent, in holding it a conditional delivery. The recent case of *Draper* v. *Jones*, (11 Barb. 263,) may perhaps reconcile all differences on this important point. It is there held that a delivery is conditional if enough appear to show that such was the understanding of the parties, and that this is a question for the jury. The court, in reaching this conclusion, say we are aware that the tendency of opinion at present is to regard a delivery as absolute, when no condition is insisted on and admitted at the time of the delivery, although such may not have been the intention of the vendor; but if there is a clear admission afterwards, that the delivery was conditional, we think that both commercial policy and the common principles of justice require that the condition should be upheld.

It is true, that in this case, it was expressly agreed that notes were to be given by the purchasers, and were to *be made satisfactory to the sellers*. This, however, was merely a matter showing the conditional character of the transaction and excuses, perhaps, what otherwise might be deemed *laches* by delay and a consequent waiver. Satisfactory payment, in cash, seems quite as much an ingredient of conditional delivery, and would be so considered, probably, by a jury. Chancellor Kent has, with great caution and equal precision, expressed the rule on this subject, so far as it could be gathered from the conflicting cases, prior to the case of *Draper* v. *Jones*, (2 Kent Com. 496,) and, until the question is more definitely settled, will afford the safer guide. Since these remarks were written, the case of *Smith* v. *Lyons*, (1 Seld. 44,) has come under the consideration of the court of appeals, and it is there decided that when there is a condition precedent attached to a contract of sale and delivery, the property does not vest in the vendee on delivery, until he perform the condition or the seller waives it. An absolute and unconditional delivery is a waiver. By an absolute delivery, without exacting the perform-

Bailey v. Mason.

ance of the condition, the vendor is presumed to have abandoned the security he had provided for the payment of the purchase money, and to have elected to trust to the personal security of the vendee. The vendee, to avoid such a waiver of the condition of the sale, must either refuse to deliver the goods without a performance of the condition, or he must make the delivery, at the time, qualified and conditional. Whether the delivery is absolute or conditional, must depend upon the intent of the parties at the time the goods are delivered; and this is a question of fact for the jury.

It is not necessary, in order to make a delivery conditional, that it must be so declared in express terms. The delivery will be conditional if the intent of the parties, that it should be so, be inferrible from the acts and circumstances of the case. Every absolute delivery is presumptive evidence of a waiver of the condition by the vendor, and the onus of the proof of a condition rests upon the vendor. These rules seem to cover the whole field, and to free the subject from all embarrassment. The cases of *Russell* v. *Minor*, (22 Wend. 659,) *Keeler* v. *Field*, (1 Paige, 313,) *Palmer* v. *Hand*, (18 Johns. 434,) *Haggerty* v. *Palmer*, (6 Johns. C. C. 437,) are reviewed by the court in reaching these results, and are held not to be in conflict with them.